IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| United States of America, | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE 911 CALLS |
|---|---|
| Plaintiff, | |
| v. | |
| Alan Dale Covington, | Case No. 2:19-cr-57 |
| Defendant. | Howard C. Nielson, Jr. United States District Judge |

Defendant moved to exclude several 911 calls provided in the Government's proposed trial exhibits. *See* Dkt. No. 114 at 2. At the final pretrial conference, it became clear that Defendant objects to three of four calls that the Government wishes to introduce at trial. The court ruled that two of the three disputed calls were admissible but reserved ruling and requested supplemental briefing regarding the third call. *See* Dkt. No. 136. Based on its review of this call and the parties' briefing, the court finds admissible the portions of the call in which the caller states her personal observations to the 911 operator; however, the court finds inadmissible the portions of the call in which the caller relays information to the operator based on statements by others. Accordingly, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion with respect to this remaining disputed call.

Defendant Alan Dale Covington has been charged with three counts of violating 18 U.S.C. § 249(a)(2) by willfully causing and attempting, through the use of a dangerous weapon, to cause bodily injury to Luis, Jose, and Angel Lopez because of their perceived national origin during an alleged incident at Lopez Tires in November 2018. *See* Dkt. No. 1. One of these counts includes an alleged attempt to kill. *See id.* During or immediately after the alleged incident, T.O.

made several 911 calls—one in which T.O. describes witnessing a "fight" and two in which T.O. asks for an ambulance and describes Luis Lopez's injuries. *See* Dkt. No 114 at 2; Dkt. No. 127 at 1 n.1. In the call at issue here—one of the two in which T.O. asks for an ambulance and describes Mr. Lopez's injuries—T.O. makes statements that are based not only on her personal observations at or near the scene of the incident but also based on statements by others near her during the call. *See* Dkt. No. 137 (referring to this call as "Call 4"); Dkt. No. 140 (same). Defendant argues that this call should be excluded in its entirety pursuant to the rule against hearsay as well as Federal Rule of Evidence 403. *See* Dkt. No. 114 at 3; Dkt. No. 140.

Turning first to Defendant's hearsay argument, the court agrees with Defendant in part. Although hearsay is generally inadmissible, *see* Fed. R. Evid. 802, both present sense impressions and excited utterances are exceptions to this rule, *see* Fed. R. Evid. 803(1) & (2). T.O.'s statements to the 911 operator based on her personal observations clearly fall within these two exceptions. A present sense impression is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it," Fed. R. Evid. 803(1), whereas an excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused," Fed. R. Evid. 803(2); *see also U.S. v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010). "[T]here is no precise amount of time between the event and the statement beyond which the statement cannot qualify as an excited utterance." *Id.* (citation and internal quotation marks omitted). The admissibility of excited utterances, moreover, "hinges on a statement's contemporaneousness with the excitement a startling event causes, not the event itself." *Id.* T.O.'s statements based on her personal observations—such as, for example, "He's breathing bad"—are contemporaneous statements describing Mr. Lopez's condition and thus are present sense impressions. T.O.'s agitated tone

further demonstrates that these statements are excited utterances from having just observed a fight and from observing—during the call—Mr. Lopez's resulting condition. Indeed, even Defendant concedes that "T.O.'s statements describing what she personally observed with regard to Luis Lopez's injuries may fall under the excited utterance or present sense impression exceptions under Fed. R. Evid. 803." Dkt. No. 140.

The portions of the call in which T.O. relays information from others rather than her own observations, however, constitute "hearsay within hearsay" and accordingly are admissible only if "each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. While T.O.'s own statements to the 911 operator may constitute present sense impressions and excited utterances, the court agrees with Defendant that "the call does not establish a sufficient foundation for determining whether" the statements of the unidentified individuals that T.O. relayed to the 911 operator fall "under an exception to Rule 802." Dkt. No. 140 at 1. The call itself does not demonstrate that these statements fall within such an exception, and the Government provides no additional evidentiary support for this proposition. While it may be true that the person who told T.O., for example, "The brother is chasing the guy," was describing to T.O. what he or she had just witnessed, such speculation is insufficient to overcome the general rule against hearsay. This hearsay within hearsay is thus inadmissible.

The court further concludes that although portions of the call are inadmissible under Rule 802, the remaining portions of this call are relevant under Rule 401 and not barred by Rule 403. T.O.'s statements based on her personal observations are relevant because they are contemporaneous eye-witness accounts of Luis Lopez's bodily injuries—an element the Government must prove to convict Defendant pursuant to 18 U.S.C. § 249(a)(2)(A). These statements are also relevant to whether Defendant's weapon constituted a "dangerous weapon"—

which is "any object capable of inflicting death or serious bodily injury," Instr. 2.09 Pattern Jury Instructions, Criminal Cases, 10th Cir. (2011)—and whether the alleged offense included "an attempt to kill," 18 U.S.C. § 249(a)(2)(A)(ii)(II).

Given that "our law favors admission of all relevant evidence not otherwise proscribed," *U.S. v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014) (citation, emphasis, and internal quotation marks omitted), the remaining portion of the 911 call may be excluded only if there are good reasons to do so under Rule 403—and only if these reasons "substantially outweigh" the probative value of the relevant evidence. *See* Fed. R. Evid. 403 (listing "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, [and] needlessly presenting cumulative evidence" as potential grounds for excluding evidence). Contrary to Defendant's position, however, what remains of the 911 call is not needlessly cumulative or unfairly prejudicial. *See U.S. v. Edwards*, 540 F.3d 1156, 1162–63 (10th Cir. 2008) (finding that the district court did not abuse its discretion by admitting five 911 calls over the defendant's objections that the 911 calls were cumulative and unfairly prejudicial). This call is not needlessly cumulative because, including this call, the total time of the four phone calls the Government seeks to admit at trial is less than ten minutes. *See* Dkt. No. 127 at 5. In addition, this call adds something live testimony does not—not only does it reflect the contemporaneous statements of an eyewitness, it may serve to corroborate or contradict live testimony offered at trial.

Nor is this call so unfairly prejudicial as to require exclusion. While the call certainly may help the Government's case, that alone does not constitute unfair prejudice within the meaning of Rule 403. After all, "in one sense all incriminating evidence is inherently prejudicial." *U.S. v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). Rule 403, however, is concerned with *unfair* prejudice—"mean[ing] an undue tendency to suggest decision on an improper basis,"

4

Fed. R. Evid. 403, Advisory Committee Notes—that substantially outweighs the probative value of the evidence. While an excited 911 call may well stir emotions, the court finds that that possibility alone is not enough to warrant the "extraordinary remedy" of Rule 403 exclusion. *Watson*, 766 F.3d at 1241 (citation and internal quotation marks omitted).

For the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion relating to the remaining disputed call. If the Government wishes to offer this call at trial, it must redact T.O.'s statements that are not based on T.O.'s firsthand observations. **IT IS SO ORDERED.**

DATED this 7th day of February, 2020.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge