IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Alan Dale Covington,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER MODIFYING THE COURT'S ORDER REGARDING DKT. NO. 115**<br><br>Case No. 2:19-cr-57<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

At the final pre-trial conference, the court granted in part Defendant's motion to exclude evidence of Defendant's alleged attempted theft of a metal pole prior to the alleged incident that included Defendant's use of different metal pole and for which Defendant has been charged. *See* Dkt. No. 136; Final Pretrial Conference Transcript at 106–08. Specifically, the court found that the Government could not call "K.H. as a witness to testify about the alleged attempted theft that occurred before the Lopez Tires event during its case-in-chief" and barred the Government from referencing "this evidence in its opening statements." *Id.* at 108. The court, however, reserved ruling "on whether the Government may introduce this testimony as rebuttal evidence until [it could see] what theories the Defense advances and what evidence it introduces at trial." *Id.* The court reasoned that, at least before knowing the Defense's theory at trial, the alleged attempted theft had limited probative value and such value was substantially outweighed by the dangers of unfair prejudice and confusing the issues within the meaning of Rule 403. *Id.* at 106–07. But when it made its decision, the court understood that although the alleged attempted theft occurred in close physical proximity to Lopez Tires, it occurred hours before the conduct with which Mr. Covington has been charged. *See* Dkt. No. 128.

Before the trial resumed on February 14, 2020, however, the Government informed the court that the alleged attempted theft actually occurred just seven minutes before the alleged incident at Lopez Tires. In response to the Government's request to revisit this issue, the court acknowledged the significance of this new information but was unwilling to immediately revisit its previous ruling. Upon further consideration, the court now modifies its order and finds that the Government may introduce evidence of this alleged attempted theft during its case-in-chief or on rebuttal.

In the court's opinion, the fact that this alleged attempted theft happened minutes, not hours, before the alleged Lopez Tires event materially changes the nature and probative value of this evidence. This evidence now suggests that Mr. Covington did not have a metal pole but that he was actively looking for one almost immediately before he entered Lopez Tires where he allegedly attacked the victims with a different metal pole. Not only is the alleged attempted theft thus much more probative of the willfulness of Mr. Covington's alleged assault, *see* 18 U.S.C. § 249(a)(2)—as well as to the Defense's contrary theory that Mr. Covington's alleged violence arose in response to how the events unfolded at Lopez Tires—the court finds that evidence of this alleged attempted theft is intrinsic to the alleged crime for which Mr. Covington has been charged. "Other act evidence is intrinsic—and thus not subject to Rule 404(b)—when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *U.S. v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (simplified). Mr. Covington's alleged attempt to obtain the pole, though unsuccessful, is "inextricably intertwined" and "part of a single criminal episode" with the crime with which Mr. Covington has been charged: the attempt allegedly happened just yards away and minutes before Mr.

Covington arrived at Lopez Tires carrying a different pole, which he is charged with willfully using to cause or attempt to cause bodily harm to the victims because of their perceived national origin. *See* 18 U.S.C. § 249(a)(2).

Even if this evidence were not intrinsic to the crime with which Mr. Covington has been charged, the court would find that it is admissible pursuant to Rule 404(b)(2). Although evidence of other crimes or bad acts is generally prohibited "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence may be admissible to prove motive, intent, preparation, and plan. *See* Fed. R. Evid. 404(b). Here, the Government's use of this relevant evidence in attempt to prove Mr. Covington's willfulness and to disprove the Defense's conflicting explanation of the incident fits comfortably within these permitted uses. *See U.S. v. Cardinas Garcia*, 596 F.3d 788, 797 (10th Cir. 2010). In addition, the Defense has long had notice of the Government's desire to introduce this evidence, as well as the possibility that it might ultimately be admitted at trial despite the court's previous ruling.

Finally, in light of the additional information presented by the Government, the court finds that the probative value of the evidence of Mr. Covington's attempt to obtain the pole is not substantially outweighed by unfair prejudice and the risk of confusion. *See* Fed. R. Evid. 403; *see also Cardinas Garcia*, 596 F.3d at 797. The court still recognizes that the alleged attempted theft may have some potential to unfairly prejudice Mr. Covington by causing the jury to base its decision on an attempted theft that is arguably distinct from the crime with which he is charged and to confuse the issues because the pole ultimately used by Mr. Covington during the incident at Lopez Tires was different from the one he allegedly attempted to steal. On the other hand, the nature of the alleged attempted theft is much less serious than that of the crime with which

Defendant is charged. *See U.S. v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). In addition, the Government has indicated that if evidence of the alleged attempt to obtain the pole is admitted, that evidence will include video footage making clear that Mr. Covington's attempt to obtain the pole was unsuccessful. After further consideration, the court finds that the risk of unfair prejudice, the potential for confusion, and the other Rule 403 considerations do not substantially outweigh the probative value of evidence that Mr. Covington did not have but was seeking to obtain a pole almost immediately before he entered Lopez Tires and allegedly assaulted the victims with a different pole. To minimize the potential for unfair prejudice or confusion, the court will nevertheless allow either party to propose a limiting instruction regarding this evidence. *See* Fed. R. Evid. 105; *see also Cardinas Garcia*, 596 F.3d at 797.

    **IT IS SO ORDERED.**

DATED this 15th day of February, 2020.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

4